[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 11-11858 & 11-12142
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cv-21430-AJ

CENTURY SURETY COMPANY,

Plaintiff-Appellee-Cross Appellant,

versus

HALLANDALE BEACH
SERVICE STATION, LLC, et al.,

Defendants,

JOHNNY JOE VARIS,
JONATHAN VARIS,
EDWIN TOWNSEND,
BRANDON COOPER,
KIMBERLY VARIS,

Defendants-Appellants-Cross Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 19, 2012)

Before PRYOR, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellee Century Surety Company ("Century)" sought a declaratory judgment that it had no duty to defend or indemnify its insureds, Urbieta Oil Inc. and Hallandale Beach Service Station, LLC ("Insureds"), in a suit filed against the Insureds in state court in Florida by persons injured while they were working on underground storage tanks at the Insureds' gas station. The district court granted summary judgment in favor of Century, concluding that no duty to defend or indemnify against liability arising out of the Florida state court proceedings existed. We affirm the decision of the district court.

Century issued a commercial general liability insurance policy ("Policy") to the Insureds. The Insureds hired Petrofusezp, LLC to upgrade the underground storage tanks at its gas station. During the course of this upgrade work, Petrofusezp employees sustained injuries from a fireball explosion. The fireball explosion occurred when a container of acetone spilled. The fumes migrated to customized lights used by the employees, resulting in a violent oxidation reaction.

2

The employees brought suit against Petrofusezp; they also sued the Insureds. They alleged the Insureds were vicariously liable for Petrofusezp's acts and strictly liable for carrying on inherently hazardous work. Century defended the Insureds in the state court proceedings but reserved its right to challenge coverage under the Policy. Century maintained that two Policy exclusions applied to exclude coverage.

The policy provision that the district court concluded applied to exclude coverage was entitled "Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants or Other Harmful Materials." Subsection (d) of that provision excluded coverage for

> 'Bodily injury' ... arising out of, caused by, or alleging to
> be contributed to in any way by toxic or hazardous
> properties of minerals or other substances.

The complaint filed in state court by the employees characterized acetone as a hazardous chemical. And the employees' brief on appeal recognizes the combustibility of acetone.

We agree with the district court that the exclusion is clear and unambiguous. Excepted from coverage under the hazardous materials endorsement to the Policy is bodily injury "arising out of," or "contributed in any way" by the "hazardous properties" of "substances." As we have noted, the state court complaint alleged that acetone is a hazardous chemical. It alleged further that the acetone spilled and

3

immediately migrated to some customized lights and caused a fireball explosion, setting the workers ablaze. The applicability of the hazardous materials exclusion is set out in the pleadings: the alleged injuries arose out of or were contributed in some way (or both) by a hazardous property (combustibility) of acetone (a substance).

We accept that Florida courts will construe an exclusionary provision in an insurance contract in favor of the insured when a genuine ambiguity exists. See State Farm Mutual Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986). But as more fully explained in the district court opinion, the construction of the harmful-materials exclusion advanced by the employees would require the court to engraft new terms on the exclusion and to ignore other operative terms set out unambiguously in the exclusion. Where, as here, the policy language is plain and unambiguous, no special construction or interpretation is required. See id; Admiral Ins. Co. v. Feit Management Co., 321 F.3d 1326, 1329 (11th Cir. 2003). Under the harmful-materials endorsement, Century had no duty to defend or to indemnify its Insureds.

Century cross-appeals, arguing that another Policy provision -- the "Total Pollution Exclusion" -- also applied to exclude coverage; the district court concluded otherwise. Because we affirm the district court on the applicability of

4

the harmful-materials endorsement, Century's cross-appeal lacks practical significance and is moot.

Summary judgment in favor of Century is AFFIRMED.